FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT M. WAGGY,<br><br>    Plaintiff,<br><br>v.<br><br>NAPHCARE, et al.,<br><br>    Defendants. | 1:19-cv-03073-SAB<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE**<br><br>**1915(g)** |

By Order filed August 15, 2019, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. ECF No. 10. Plaintiff, a former prisoner at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis,* but without the obligation to pay the filing fee under 28 U.S.C. § 1915(b). Defendants have not been served.

In the prior Order, the Court found that Plaintiff's claims for injunctive relief were rendered moot by his release from incarceration. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). In addition, Plaintiff had presented no factual allegations against Defendants John McGrath, Dr. John Doe, Nurse Jane Doe, Edmund Campbell, or Dr. Shah, thereby failing to state a claim upon which relief may be granted against these Defendants. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff did not adequately allege that Spokane County, Yakima County or Benton County engaged in a pattern or practice that resulted in the deprivation of his constitutional

**ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 1**

rights. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690, 694 (1978). Furthermore, Plaintiff failed to allege facts showing Defendant Naphcare acted under color of state law and caused a constitutional violation by its official policy or custom. *See Monell,* 436 U.S. at 690-91; *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

Although granted the opportunity to do so, Plaintiff has failed to amend his complaint to state a claim upon which relief may be granted. The Court had cautioned Plaintiff that the failure to amend or voluntarily dismiss would result in the dismissal of this complaint an a possible "strike" under 28 U.S.C. § 1915(g). He has filed nothing further in this action.

For the reasons set forth above and in the Order to Amend or Voluntarily Dismiss, ECF No. 10, **IT IS ORDERED** the Complaint, ECF No. 1 is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 2**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at this last known address, and close the file. The Clerk of Court is directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 8th day of November 2019.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT WITH PREJUDICE -- 3**